# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2013

No. 12-31008

Lyle W. Cayce
Clerk

CLIFFORD D. LATHAM,

Plaintiff-Appellee

v.

MATTHEW FAULKNER, individual and in his official capacity; K. JOHNSON, individual and in his official capacity; OFFICER CROOK, individual and in his official capacity; CITY OF BOSSIER CITY,

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CV-597

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

This is an interlocutory appeal in which the Defendant officers and city challenge the district court's denial of their motion for summary judgment on the basis of qualified immunity. For the reasons that follow, we DISMISS this appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31008

This case involves the arrest of Plaintiff-Appellee Clifford Latham at a Louisiana casino. Latham was ejected from the casino for being disorderly due to drunkenness. Defendant Officers Faulkner and Johnson were dispatched to the scene. Latham alleges that Faulkner and Johnson arrested him in response to his asking them a question. He alleges that in effecting the arrest, the officers used excessive force resulting in an injury to his knee. Finally, he alleges that after the arrest, Faulkner, Johnson, and Crook failed to provide adequate medical care for his injury. Latham filed a § 1983 suit claiming, *inter alia*, violations of (1) the Fourth Amendment for excessive force, (2) the First Amendment for retaliatory false arrest and use of force, and (3) the Fourteenth Amendment for denial of medical care. On this interlocutory appeal, Defendants challenge the district court's denial of summary judgment on these three claims.

In denying summary judgment, the district court stated that "genuine disputes as to material facts remain." We held in *Kinney v. Weaver* that we have no jurisdiction to hear an interlocutory appeal where the district court denied summary judgment based on qualified immunity, except to the extent that the appeal turns on an issue of law. 367 F.3d 337, 346–47 (5th Cir. 2004).[1]

The bulk of this appeal turns on questions of fact and thus cannot be considered by us under *Kinney*. The only noteworthy issue concerns Latham's claim that Defendants Faulkner and Johnson infringed on his First Amendment right to free speech by conducting a retaliatory false arrest. The district court has dismissed Latham's false arrest claim "as precluded by the *Heck* doctrine,"

---

[1] Defendants do not discuss jurisdiction on appeal. It is well established that a federal court is not only permitted, but in fact required, to consider jurisdictional defects *sua sponte*. *E.g.*, *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) ("No one has challenged the ripeness of this case for adjudication. However, we must consider possible objections to our Article III jurisdiction *sua sponte*. Every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it." (citations and internal quotation marks omitted)).

No. 12-31008

citing *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994).  However, we have no jurisdiction of that in this interlocutory appeal.

Appeal DISMISSED.